IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr409-MHT |
| | ) | (WO) |
| CEDRIC WRIGHT | ) | |

OPINION AND ORDER

Before the court are defendant Cedric Wright's objections to the magistrate judge's recommendation to deny the motion to suppress drug evidence discovered in two vehicles. The magistrate judge concluded that, although the warrant to search the vehicles lacked probable cause, *Leon*'s good-faith exception applied, and the evidence therefore should not be suppressed. This court heard oral argument on whether *Leon*'s good-faith exception is inapplicable to Wright because the warrant to search the vehicles was based on evidence obtained from an illegal search. *See United States v. McGough*, 412 F.3d 1232, 1239-40 (11th Cir. 2005). During oral argument, it became clear that Wright faced a hurdle to suppression that was previously unaddressed by the parties or magistrate

judge--namely, the Supreme Court decision, *Herring v. United States*, 555 U.S. 135 (2009). *Herring* stands for the proposition that suppression is not an automatic consequence of a Fourth Amendment violation; rather, the exclusionary rule should apply only where the police's unconstitutional conduct was deliberate, reckless, grossly negligent, or the result of systemic negligence. *See id.* at 145.

Consequently, it appears that, under *Herring*, the evidence should be suppressed only if the law enforcement agents were at least grossly negligent in violating Wright's constitutional rights, not merely negligent. That is, if the conduct was grossly negligent, reckless, or deliberate, the good-faith exception should not apply, and the evidence obtained in the vehicles should be excluded. Upon a *de novo* review of the entire record, the court identified several *possible* instances of deliberate, or at the very least grossly negligent, law enforcement misconduct. Specifically, the record showed a reasonable possibility that, in the process of

obtaining the warrant, and later in court, (1) law enforcement agent(s) falsely claimed that Wright's mother gave written consent to search her home; (2) Agent Denney falsely claimed that Wright's mother told Agent Reaves that Wright was selling drugs out of her home and asked for her home to be searched; and (3) law enforcement agent(s) falsely claimed that, two months before searching the vehicles, a confidential informant had tipped them off that Wright had crystal methamphetamine in a "white Ford F-250."

Determining whether any one of these three possible instances of false representations occurred hinges, in large part, on assessing the credibility of conflicting witness accounts. The magistrate judge's recommendation did not make any explicit credibility determinations. Accordingly, it is not clear whether, as a matter of law, the court must conduct a *de novo* hearing, instead of making credibility determinations based on the existing record. *See United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001) ("[G]enerally a district court must rehear the disputed

3

testimony before rejecting a magistrate judge's credibility determinations."). However, in an abundance of caution, and because of the gravity of the question whether law enforcement made truthful or false representations, the court will conduct a *de novo* hearing focused on the three factual issues identified above. As previously mentioned, the purpose of resolving these factual issues is to determine whether suppression is warranted under *Herring* because law enforcement officer(s) acted deliberately--or at least with gross negligence--in violating Wright's constitutional rights.

Accordingly, it is ORDERED that a *de novo* suppression hearing on the above-identified issues is set for June 17, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The government is to arrange for all testifying officers to bring with them all notes made in connection with this case.

DONE, this the 11th day of June, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**